RECEIVED

SEP 12 2025

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
         DEPUTY CLERK

Attachment 2 - EEOC Complaint Form **FILED**

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
_____Austin_____ **DIVISION**

SEP 12 2025

CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____
                    DEPUTY

Yannick Davidson Vossah
_____

_____

_____

(Name of plaintiff or plaintiffs)

Civil Action Number **1 : 2 5 CV01491 ADA**

v.

Apple Inc.
_____

(Supplied
by Clerk's Office)

_____

_____

(Name of defendant or defendants)

## COMPLAINT

1.    This action is brought by _____Yannick Davidson Vossah_____, Plaintiff,
pursuant to the following selected jurisdiction:

### (Please select the applicable jurisdiction)

[ X ] Title VII of the Civil Rights Act of 1964 (42 USC §§ 2000e et seq.)  Employment
Discrimination on the basis of race, color, sex (gender, pregnancy and sexual harassment),
religion or national origin.

[    ] The Age Discrimination in Employment Act (29 USC §§ 621 et seq.) (**ADEA**).

[ X ] The Americans With Disabilities Act (42 USC §§ 12102 et seq.) (**ADA**).

[    ] The Equal Pay Act (29 USC § 206(d)) (**EPA**).

[    ] The Rehabilitation Act of 1973 (29 USC §791 et seq.) (Applicable to federal employees
only).

2.    Defendant _____Apple Inc._____(Defendant's name) lives
at, or its business is located at _____
(street address), _____12535 Riata Vista Cir_____ (city), _____Austin_____
(state), __TX 78727__ (zip).

28

3a.     Plaintiff sought employment from the defendant or was employed by the defendant
        at ___12535 Riata Vista Cir_____(street address),
        (city), ___Austin_____(state), ___TX 78727_____(zip).

3b.     At all relevant times of claim of discrimination, Defendant employed __over 500__
        (#) employees.   If defendant is a union, at all relevant times of claim of
        discrimination, Defendant had _____ (#) members.

4.      Defendant discriminated against plaintiff in the manner indicated in paragraph 8 of
        this complaint on or about _____(month) _____(day) ____
        (year).   If incidents of discrimination occurred more than one day, please indicate
        the beginning and ending dates of such acts:__06/01/2024    - present_____

5.      Plaintiff filed charges against the defendant with the Equal Employment
        Opportunity Commission (E.E.O.C.) charging defendant with the acts of
        discrimination indicated in paragraph 7 of this complaint on or about __02_____
        (month) __25_____(day) ___2025____(year).   (Not applicable to federal
        civil service employees).

6a.     The E.E.O.C. issued a **Notice of Right to Sue** which was received by plaintiff on
        (month) __06/13_____(day) ___2025_____(year).   (Not applicable to
        ADEA and EPA claims or federal civil service employees).

**VERY IMPORTANT NOTE:**          **PLEASE ATTACH A COPY OF YOUR NOTICE OF
                                  RIGHT TO SUE AND THE ENVELOPE IN WHICH
                                  IT WAS RECEIVED TO THIS COMPLAINT.**

6b.     Please indicate below if the E.E.O.C issued a **Determination** in your case:

        [   ] Yes
        [ X ] No

**VERY IMPORTANT NOTE:**          **IF YOU CHECKED "YES", PLEASE ATTACH A
                                  COPY OF THE E.E.O.C.'S DETERMINATION TO
                                  THIS COMPLAINT**

7.      Because of plaintiff's:

                        **(Please select the applicable allegation(s))**

        [ X ]  Race (If applicable, state race) _____Black_____

        [ X ]  Color (If applicable, state color) _____Black_____

29

[  ]  Sex (gender, pregnancy or sexual harassment) (If applicable, state sex and claim)
[  ]  Religion (If applicable, state religion) _____

[ X ]  National Origin (If applicable, state national origin) __Togo - west Africa__

[  ]  Age (If applicable, state date of birth) _____

[ X ]  Disability (If applicable, state disability) __Short term disability_____

[  ]  Prior complaint of discrimination or opposition to acts of discrimination.
      (Retaliation) (If applicable, explain events of retaliation) _____

      The defendant:  **(please select all that apply)**

[  ]  failed to employ plaintiff.

[  ]  terminated plaintiff's employment.

[  ]  failed to promote plaintiff.

[  ]  harassed plaintiff.

[ X ]  other (specify)  failed to investigate plaintiff reported concern of finding a skull on his desk
      , refused to accommodate plaintiff disability, refused to sign form Texas Form H1028
      to confirm employment for state SNAP food benefits for plaintiff and children

8a.    State **specifically** the circumstances under which defendant, its agent, or employees
       discriminated against plaintiff **PERSONALLY:**

**VERY IMPORTANT NOTE:**        **INCLUDE SPECIFIC DATES, SPECIFIC EVENTS,
                                AND ANY SPECIFIC COMMENTS MADE BY
                                DEFENDANT PERTAINING TO THE
                                DISCRIMINATION CLAIM ALLEGED ABOVE.**

September 2023 – Initial Exclusion and Isolation, September 2024 - Hostile Work Environment, Retaliation Following
Protected Activity. April 2025: company's neglect and silence directly inflicting harm to plaintiff and family

8b.    List any **witnesses** who would testify for plaintiff to support plaintiff's allegations
       and the substance of their testimony:

_____

8c.    List any **documentation** that would support plaintiff's allegations and explain what
       the documents will prove:

Legal Demands and Notices sent to Defendant by plaintiff, Emails between plaintiff and defendant

9.    The above acts or omissions set forth in paragraphs 7 and 8 are:

[ X ]    still being committed by defendant.
[   ]    no longer being committed by defendant.

10.    Plaintiff should attach to this complaint a copy of the charge filed with the Equal
Employment Opportunity Commission.   This charge is submitted as a brief
statement of the facts supporting this complaint.

WHEREFORE, plaintiff prays that the Court grant the following relief to the plaintiff:

[   ] Defendant be directed to employ plaintiff.

[   ] Defendant be directed to re-employ plaintiff.

[   ] Defendant be directed to promote plaintiff.

[ X ] Defendant be directed to   provide full compensation for Plaintiff's economic and non-economic losses,
implement appropriate workplace reforms to prevent recurrence of such conduct,
and that the Court grant such other relief as may be appropriate, including injunctive
orders, damages, costs and attorney's fees.

I declare (or certify, verify, or state) under penalty of
perjury that the foregoing is true and correct.

9/10/2025

Date _____

Signature of Plaintiff

715 w slaughter Apt 539

Address of Plaintiff

| Austin | Texas | 78748 |
|--------|-------|-------|
| City   | State | Zip Code |

Telephone Number(s)    512-757-6628

# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF TEXAS

# AUSTIN DIVISION

**YANNICK DAVIDSON VOSSAH,**

 Plaintiff,

V.

CASE NUMBER 1:25 CV01491

**APPLE INC.,**

 Defendant.

**COMPLAINT**

**INTRODUCTION**

1. This is a civil action for employment discrimination, retaliation, disability discrimination, unlawful wage practices, and intentional infliction of emotional distress brought under Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), the Fair Labor Standards Act (FLSA), and Texas common law tort.

2. Plaintiff endured sustained discrimination, retaliation, and neglect after reporting workplace misconduct. Apple's deliberate silence, refusal to investigate, unlawful withholding of wages, and denial of reasonable accommodations escalated into a compounded crisis: eviction, homelessness, child endangerment, severe psychological collapse, and long-term disability.

3. Plaintiff seeks redress for these harms, accountability for Apple's violations of state and federal law, and damages proportional to the catastrophic

consequences inflicted on Plaintiff and his family.

## JURISDICTION AND VENUE

4. This Court has subject-matter jurisdiction under 28 U.S.C. § 1331, because
   the claims arise under the laws of the United States, including:

   a. Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.;

   b. The Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 et seq.;
   and

   c. The Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 et seq.

5. The Court has supplemental jurisdiction under 28 U.S.C. § 1367 over
   Plaintiff's related Texas common law tort claims because they arise from the
   same nucleus of operative facts.

6. Venue is proper in this District under 28 U.S.C. § 1391(b) because the
   unlawful employment practices and events giving rise to this action occurred
   within this judicial district, and Defendant Apple Inc. maintains substantial
   operations in Austin, Texas.

## PARTIES

7. Plaintiff, Yannick Davidson Vossah, is a Black male, African asylee, and openly Jewish. He is employed full-time by Defendant Apple Inc. and was forced onto disability leave due to workplace-induced trauma.

8. Defendant, Apple Inc., is a multinational technology corporation headquartered in Cupertino, California, with a large campus in Austin, Texas, where Plaintiff worked. Defendant may be served through its registered agent for service of process in Texas.

## STATEMENT OF FACTS

### A. Initial Workplace Incident and Wrongful Investigation

9. In September 2023, Plaintiff was falsely accused of harassment by a colleague. After investigation, the allegations were dropped but Plaintiff received a Misconduct/Policy Violation warning for innocuous conduct (a greeting and brief hug in a public setting).

10. The incident was weaponized against Plaintiff. The accusing colleague spread defamatory messages to other team members, causing stigma, isolation, and reputational damage. The plaintiff reported this behavior to management, but no corrective action was taken.

11. Apple's inconsistent handling of this incident compared to others reflects double standards and discriminatory treatment.

## B. Escalating Hostility and Retaliation

12. Following the false accusation, Plaintiff was socially ostracized by coworkers and experienced materially adverse conduct in the workplace

13. An analyst verbally assaulted Plaintiff at his workstation; Plaintiff reported that incident to management, but no meaningful remedial action was taken; Instead of being separated from the analyst who assaulted him, Plaintiff was subsequently later reassigned to a desk only a few workstations away from that individual.

14. By contrast, after the earlier harassment allegation against Plaintiff, the accusing colleague and Plaintiff had been deliberately seated far apart; Apple's disparate treatment, failing to protect Plaintiff and assigning him in close proximity to an employee who had previously threatened him, demonstrates inconsistent application of workplace protections and supports Plaintiff's claims of discriminatory treatment and retaliation

15. Plaintiff began experiencing severe panic attacks, dizziness, and collapse, requiring psychiatric ER visits and ongoing psychiatric care, therapy and medication.

16. Instead of providing reasonable accommodations during Plaintiff's medical leave, Apple escalated his stress and worsened his condition. In May 2024, while Plaintiff was on approved leave for psychiatric treatment, Apple abruptly suspended his employee badge access, effectively barring him from the workplace. The company provided no explanation beyond vague references to an "investigation," leaving Plaintiff in a total confusion.

17. Plaintiff reached out many times to know what was going on but for weeks, Apple failed to communicate, despite having both the plaintiff personal phone number and email address. The only substantive information came indirectly from Plaintiff's psychiatric provider, who informed him that Apple had labeled him as a workplace threat and required him to undergo a third-party "fitness for duty" health assessment.

18. This course of action not only stigmatized Plaintiff's disability but also compounded his psychological injuries: Apple's actions reinforced feelings of fear and mistrust, worsened his PTSD symptoms, and deepened his depression.

19. Rather than supporting an employee in crisis, Apple's conduct created an atmosphere of suspicion, isolation, and punitive treatment toward a worker already struggling with serious mental health conditions.

**C. Unlawful Wage Withholding and Resulting Evictions**

20. In July and again in September 2024, Apple unlawfully shorted Plaintiff's paychecks by half, without prior notice or justification.

21. The missing wages directly caused Plaintiff to miss rent, triggering eviction filings. Despite later correction of the underpayments, the delays led to court-ordered eviction proceedings and devastating housing instability for Plaintiff's wife and four children.

22. Apple's unlawful wage practices, coupled with chronic delays by its third-party administrator in processing Plaintiff's short-term disability benefits, deprived Plaintiff and his family of any reliable income for months..

23. As a direct result, Plaintiff was unable to secure the most basic necessities of life, food, utilities, transportation, and housing

24. While undergoing intensive therapy and psychiatric treatment to address trauma directly caused by Apple's workplace actions, Plaintiff's financial stability collapsed: His car was repossessed, Utilities were disconnected, he was evicted from his apartment, and after briefly finding alternative housing,

he was evicted again when Apple's continued failures left him unable to pay rent; Plaintiff and his children ultimately became homeless, a condition that persists to this day.

25. Throughout this crisis, Plaintiff repeatedly informed Apple of the humanitarian emergency he and his children were facing. He explicitly sought urgent relief from the company to help prevent further harm. Despite Apple's knowledge of the situation, including documented eviction notices, utility shutoffs, and food insecurity, Apple never provided any meaningful response or assistance.

26. Apple's indifference to these urgent pleas for help demonstrates not only negligence but also retaliation and discrimination. Instead of extending support to an employee in crisis, Apple's deliberate silence exacerbated Plaintiff's mental health struggles, destabilized his family, and inflicted long-term harm

27. When Plaintiff submitted a Texas Form H1028 to confirm employment for state SNAP food benefits, Apple refused to sign or return it. Instead, three days later, HR attempted to initiate termination proceedings, showing deliberate retaliation and bad faith in the face of a documented humanitarian need.

### D. The Skull Incident and Lack of Investigation

28. On September 25, 2024, upon returning from leave, Plaintiff discovered a skull with the letter "Y" (his initial) carved on the forehead placed on his newly assigned desk.

29. The skull symbol, considered in many cultures a death threat, triggered immediate panic, hallucinations, and trauma. The plaintiff reported the incident to HR the same day, provided photographic evidence, and described the profound emotional harm caused.

30. Apple acknowledged receipt but never followed up with an investigation, discipline, or protective measures. The skull incident remains unaddressed to this day, demonstrating again inconsistent application of workplace

protections and supports Plaintiff's claims of discriminatory treatment and retaliation

31. Apple's silence contrasts with how other employees' complaints are promptly investigated, underscoring discriminatory neglect and retaliation.

32. Apple's failure to act left Plaintiff traumatized, fearful, and further destabilized.

**E. Continuing Retaliation and Collapse**

33. Since September 2024, Plaintiff has suffered worsening PTSD, nightmares, and hallucinations, forcing repeated disability leaves.

34. Despite multiple formal demand letters (March 25, April 26, May 29, 2025) and an EEOC charge (451-2025-02466), Apple responded only with vague, template emails from "People Support," insisting on non-committal "investigation meetings" rather than resolution.

35.    When Plaintiff mentioned having counsel, Apple asked to "connect with

your lawyer to resolve." When he explained he could not afford counsel due

to Apple's third party withholding of wages, Apple reverted to cold, generic

responses, clear evidence of **bad faith**

36. Apple's conduct demonstrates bad faith, retaliation, and systemic neglect.

## CAUSES OF ACTION

### Count I – Employment Discrimination and Retaliation

(Title VII, 42 U.S.C. § 2000e et seq.)

### Count II – Disability Discrimination and Failure to Accommodate

(ADA, 42 U.S.C. § 12112 et seq.)

**Count III – Unlawful Wage Withholding and Retaliation**

(FLSA, 29 U.S.C. § 201 et seq.)

**Count IV – Intentional Infliction of Emotional Distress and Related Tort Claims**

(Texas Common Law, under supplemental jurisdiction, 28 U.S.C. § 1367)

**Count V – Discrimination on the Basis of Race and National Origin**

(Title VII, Civil Rights Act of 1964, 42 U.S.C. § 2000e-2)

**Count VI – Retaliation for Engaging in Protected Activity**

(Title VII, Civil Rights Act of 1964, 42 U.S.C. § 2000e-3)

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor and against Defendant Apple Inc., and award the following relief:

1. **Front Pay**

   o  Award front pay in lieu of reinstatement, reflecting Plaintiff's ongoing

      inability to return to a similar workplace environment due to Apple's

      conduct.

2. **Compensatory Damages – Title VII & ADA**

   o  Award compensatory damages for emotional distress, humiliation, loss

      of enjoyment of life, and mental anguish, up to the **statutory**

      **maximum of $300,000** under 42 U.S.C. § 1981a(b)(3)(D).

3. **Punitive Damages – Title VII & ADA**

   o  Award punitive damages against Defendant Apple Inc. to the

      **statutory maximum of $300,000** for willful and reckless violations of

      Plaintiff's rights under Title VII and the ADA.

4. **Exemplary (Punitive) Damages – Texas Common Law**

   o  Award exemplary damages under Texas law for intentional infliction of emotional distress, corporate negligence, and retaliatory harm, in the amount of **$50,000,000**, to punish and deter Defendant's egregious misconduct.

5. **Compensation for Future Lost Wages and Career Harm**

   o  Award damages for three (3) years of future lost wages and benefits, estimated at **$200,000**, plus lost bonuses, promotions, and other economic opportunities denied as a result of Apple's actions;

   o  Award damages for loss of professional reputation, career disruption, and vocational harm, in the amount of **$3,000,000**;

   o  Award costs of vocational rehabilitation and career transition support to mitigate future losses.

6. **Medical and Mental Health Treatment Costs**

   o Award compensation for psychiatric, psychological, and medical
   treatment costs directly caused or exacerbated by Defendant's
   conduct, in the amount of **$500,000**, plus coverage for continued
   treatment as medically required.

7. **Damages for Emotional Distress and Psychological Harm**

   o Award damages for pain, suffering, PTSD, depression, and related
   psychological injury, in the amount of **$10,000,000**.

8. **Reimbursement of Financial Losses**

   o Award reimbursement for eviction costs, relocation expenses, utilities
   shut-offs and debt, repossessed vehicle, and other direct economic
   losses including but not limited to life insurance for plaintiff and
   family, totaling **$1,830,000**.

9. **Injunctive and Equitable Relief**

- o Order Defendant Apple Inc. to implement new company-wide anti-discrimination, anti-retaliation, and mental health protection policies;

- o Require independent oversight of Apple's compliance with workplace safety, disability accommodation, and anti-retaliation laws.

10. **Corporate Social Responsibility (CSR) Allocations**

- o As part of corporate accountability, require Apple Inc. to allocate funding to the following initiatives:

  - **$250,000,000** toward Texas mental health programs and nonprofits supporting workplace trauma survivors;

- **$250,000,000** toward homelessness prevention and housing stability programs in Texas;

- **$200,000,000** toward a federal Workplace Discrimination & Retaliation Prevention Fund;

- **$150,000,000** toward OSHA compliance and workplace safety improvements in the tech industry;

- **$150,000,000** toward an Employee Legal Defense Fund for wrongful termination and discrimination cases;

- **$100,000,000** toward a Technology Industry Whistleblower Protection & Compliance Fund.

11. **Other Relief**

  - Grant such other relief as this Court deems just and proper to remedy the full scope of harm caused by Defendant's misconduct.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

**Respectfully submitted,**

Dated: 09/10/2025

Yannick Davidson Vossah

Pro Se Plaintiff

715 w slaughter Apt 539 Austin, Texas 78748

512-757-6628 -  Yvbluesky@gmail.com